# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
# (SOUTHERN DIVISION)

| | |
|---|---|
| JONATHAN DOWLING, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF J.A.D. (A MINOR), *ET AL.*,<br><br>Plaintiffs<br><br>v.<br><br>A.R.T. INSTITUTE OF WASHINGTON, INC., *ET AL.*,<br><br>Defendants | Civil Action No. 8:18-cv-00117-PX |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION DUE TO CHANGE/CLARIFICATION IN CONTROLLING LAW

Defendants, A.R.T. Institute of Washington, Inc. ("A.R.T.") and Erika Cullingford, by and through their attorneys, Stephen M. Cornelius and Eccleston and Wolf, P.C., pursuant to Federal Rule of Civil Procedure 54(b) and this Court's March 6, 2019 Order, submit the following Memorandum of Law in support of their Motion for Reconsideration, and state:

## I. INTRODUCTION

As demonstrated in Defendants' Motion and herein, following this Court's March 6th Order denying Defendants' Motion to Dismiss and/or for Summary Judgment, the Court of Appeals of Maryland issued a Reported Opinion changing/clarifying the law in Maryland as it relates to the "one satisfaction rule." *See Gallagher v. Mercy Med. Ctr., Inc.*, 463 Md. 615 (2019) (attached hereto as Exhibit A). In particular, the Court of Appeals held that, regardless of joint tortfeasor status, "a plaintiff is entitled to one compensation for his or her loss, and satisfaction of the plaintiff's claim prevents the plaintiff from pursing another who may be liable for the same damages." *Id.* at 626. This is precisely what Defendants argued in their Motion to

Dismiss and/or for Summary Judgment, and at the hearing on February 25, 2019. (*See* Dkt. No. 7; Exhibit B, Hearing Transcript at pp. 3-11). For these reasons, Defendants respectfully request that this Court reconsider its previous ruling, and enter an Order dismissing this case, with prejudice, and/or awarding Defendants summary judgment.

## II.  **PROCEDURAL HISTORY / STATEMENT OF FACTS**[1]

On March 20, 2018, Defendants filed a Motion to Dismiss and/or for Summary Judgment with supporting Memorandum of Law (hereinafter collectively referred to as the "MSJ"), emphasizing, in relevant part, that Plaintiff previously settled with the federal government and made a full recovery for all damages arising out of the same subject matter; namely, the alleged economic and non-economic damages arising from the birth and death of Plaintiff's son, J.A.D., after he was born with a rare birth defect, Pentalogy of Cantrell. (*See* MSJ at pp. 13-15; MSJ Ex. 1; *compare* Complaint *with* MSJ Ex. 7). Accordingly, Defendants argued that, because Plaintiff already fully recovered, he is not entitled to recover additional damages for the same injury and damages in the instant case. (MSJ at p. 13) (citing *Underwood-Gary v. Mathews*, 366 Md. 660, 667 (2001) ("a plaintiff is entitled to but one satisfaction for her loss and satisfaction of her claim prevents further action against another for the same damages.").

Plaintiff opposed the MSJ, and the Court held a hearing on February 25, 2019. (Dkt. No. 35). On March 6, 2019, the Court issued an Order denying Defendants' MSJ, supported by a Memorandum Opinion explaining its rationale. (Dkt. Nos. 37-38). As expounded upon below, the Court based its holding upon the premise that the one satisfaction rule does not apply because (i) the recovery from the government was in the form of a settlement, not a final judgment on the

---

[1] Defendants hereby incorporate by reference their Motion to Dismiss and/or for Summary Judgment, and Memorandum of Law in Support and Reply to Plaintiff's Opposition thereto. (Dkt. Nos. 7, 25).

2

merits, and (ii) the government and Defendants are joint tortfeasors. (Exhibit B pp. 3-4; Dkt. No. 37 at pp. 8-12).

On April 29, 2019, following this Court's Order and Memorandum, the Court of Appeals of Maryland issued its Opinion in *Gallagher v. Mercy Medical Center*.[2] There, the petitioner advanced the same arguments relied upon by this Court in its ruling. The Court of Appeals, however, rejected these arguments and expressly held that, under Maryland law, the one satisfaction rule applies where a plaintiff has already made a full recovery from a prior settlement, even where the party defendant is a joint tortfeasor. *Gallagher*, 463 Md. at 625-26, 630-31.

## III. STANDARD FOR RECONSIDERATION

Fed R. Civ. P. 54(b) sets forth that, "any order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims[.]" A motion to reconsider an interlocutory order is not subject to the strict standards applicable to a motion to reconsider a final judgment, as "a district court retains the power to reconsider and modify its interlocutory judgments . . . when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). In the Fourth Circuit, the standard that governs a motion for reconsideration of an interloculotory order is unclear. *Peters v. City of Mt. Rainier,* 2014 U.S. Dist. LEXIS 137146 at n.1 (2014); *Fayetteville Investors v. Commercial Builders, Inc.* 936 F.2d 1462, 1472 (4th Cir. 1991). A review of an interlocutory order under Rule 54(b) "is not subject to the restrictive standards of motions for reconsideration of final judgments under Rule 60." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th

---

[2] This Court cited to the Court of Special Appeals decision in *Gallagher v. Mercy Med. Ctr., Inc.,* No. 634, 2018 WL 3199260, at *4 (Md. App. June 28, 2018), setting forth the definition of the one satisfaction rule. (Dkt. No. 37 at p. 12). At the time of this Court's ruling, the Court of Appeals granted *certiorari* in *Gallagher*, but had yet to issue its Opinion.

3

Cir. 1991); *see also Am. Canoe Ass'n* 326 F.3d at 514. The standard for Rule 59(e) is also not binding on review under Rule 54(b). *Am. Canoe Ass'n,* 326 F.3d at 514.

Although a District Court's Rule 54(b) consideration is not bound by the Rule 59(e) or 60(b) standards, the court may at least reference parts of these standards. Therefore, it is relevant to set forth the Rule 59(e) standard, which includes that "a motion need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error [of law] or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010).

## IV. ARGUMENT

The Court of Appeals' Opinion in *Gallagher* constitutes an intervening change/clarification of controlling law, warranting this Court to reconsider its prior ruling.

### A. *Gallagher v. Mercy Med. Ctr, Inc.*

In *Gallagher,* the petitioner was injured in a car accident. 463 Md. at 620. She filed a lawsuit and obtained a settlement from the driver and owner of the vehicle, and a settlement from her car insurance carrier, State Farm. *Id.* The petitioner then sued Mercy Medical Center, attempting to recover for injuries identical to those which led to her settlement with State Farm. *Id.* The claimed damages in both cases related to injuries sustained from the automobile accident, and the Court of Appeals held that the petitioner was barred from the proverbial second bite of the apple:

> [a]lthough liability for a particular harm may be shared by multiple tortfeasors, the plaintiff is entitled to one compensation for his or her injuries. The one satisfaction rule establishes that a plaintiff is entitled to one compensation for his or her loss, and satisfaction of the plaintiff's claim prevents the plaintiff from pursing another who may be liable for the same damages.

*Id.* at 626. The Court explained that, in order to determine whether a plaintiff's claim is barred by the one satisfaction rule, the trial court must compare the injuries for which the plaintiff previously recovered in the initial action, and the injuries for which plaintiff seeks to recover in the subsequent action. *Id.* at 627. The petitioner in *Gallagher* attempted to argue that the one satisfaction rule only applies where a plaintiff obtained, through prior litigation, a judgment that was paid in full. *Id.* at 630. The Court of Appeals rejected this argument, explaining that "we see no reason why a settlement accompanied by a dismissal with prejudice may not, in appropriate cases, constitute an acceptance of full compensation for the [plaintiff's] injury." *Id.* (citing *Morgan v. Cohen,* 309 Md. 304, 312 (1987)).

The Court further discussed the seminal case on the one satisfaction rule, *Underwood-Gary v. Matthews,* acknowledging that, in that case, there was a full trial on the merits. *Gallagher,* 463 Md. at 630 (citing *Underwood*-Gary, 366 Md. 660 (2001)). However, in analogizing the case to *Underwood-Gary,* the Court in *Gallagher* held that, despite there not being a full trial on the merits, there was sufficient information before the Court to properly compare the claimed injuries. *Gallagher,* 463 Md. at 631. Thus, a full judgment on the merits need not be reached in order to determine that a plaintiff received full satisfaction arising out of a particular injury. The one satisfaction rule applies when an individual was compensated for injuries, and subsequently seeks to be compensated for the same injuries by a joint tortfeasor, concurrent wrongdoer not acting in concert, or a paying party with no connection to the tort at all. *Id.* at 626 (quoting *Morgan v. Cohen,* 308 Md. 304, 312 (1987)).

<mark>5</mark>

## B. A Final Judgment on the Merits is Not Required for the One Satisfaction Rule to Bar a Subsequent Action for the Same Damages.

Based on the foregoing holding, this Court should reconsider its Order. In Defendants' MSJ and at the hearing, undersigned counsel cited to the *Underwood-Gary* holding, and your Honor distinguished *Underwood-Gary* from the case *sub judice* by stating the following:

> So, they are joint tortfeasors and ideal with your claim of one satisfaction—one satisfaction rule, I don't think applies. I mean, [Underwood-Gary] was the case in which Underwood and **the principals of one satisfaction is after a judgment**, if the judgment is on its particular facts reaches all of the claims and all of the damages, then plaintiff is entitled to one recover. I can't make that determination now here on this record on a Motion to Dismiss, can I?

(Exhibit B p. 4) (emphasis supplied). Thus, undersigned counsel was asked:

> Would you agree Underwood was trial number one tried all the way to judgment; trial number two tried all the way to judgment. And then after both cases are tried all the way to judgment and there is indeed a claim that covered in fact all of the damages covered in trial two, that the court at the end of the case determined on those very unique facts that the One Satisfaction Rule applies.

(*Id.* at p. 5).

It is evident that, at the time of its ruling, the Court was under the impression that the one satisfaction rule applied *only* in the limited circumstance when two claims both reached a final judgment on the merits. Since the time of the hearing, the Court of Appeals clarified that, under Maryland law, *neither* claim must reach a final judgment on the merits in order for the Court to dismiss a subsequent case pursuant to the one satisfaction rule. *Gallagher*, 463 Md. at 630 ("we see no reason why a settlement accompanied by a dismissal with prejudice may not, in appropriate cases, constitute an acceptance of full compensation for the [plaintiff's] injury").

In this regard, it is noteworthy that this Court's line of questioning set forth above is the precise argument that the petitioner attempted to assert in *Gallagher*. The Court of Appeals of Maryland, in response, stated that "Petitioner asks this Court to rename 'one satisfaction rule' the 'one judgment rule,'" and proceeded to explain why that position was inconsistent with the rule's

purpose. 463 Md. at 630. In determining the application of the one satisfaction rule, the dispositive question is *"did* the satisfaction compensate the plaintiff for all of his or her injuries; the question is not *by which vehicle* did the plaintiff obtain full compensation for his or her injuries." *Id.* at 631 (emphasis in original).

In the instant matter, it is clear that the settlement in Plaintiff's prior case against the government satisfied all of his injuries and damages. Indeed, the settlement agreement, itself, provided that it was made in

> full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death….

(MSJ Ex. 1 ¶ 2). To be sure, Defendants supplied the Court with a chart comparing the specific damages alleged in the current Complaint with those alleged in the Washington Complaint, demonstrating that the claims for damages were identical:

| **Complaint** | **Washington Complaint (MSJ Ex. 7)** |
|---|---|
| As a result of J.A.D.'s prenatal diagnosis of pentalogy of Cantrell and his death less than seven months after birth, [Plaintiff] suffered and continues to suffer loss of services and support, injury to and, ultimately, destruction of the parent-child relationship, physical and emotional injury, mental anguish and distress, and loss of society, companionship, comfort, protection, filial care, attention, advice, and counsel. (¶¶119,129,152,163). | As a result of the birth of J.A.D., who was born with pentalogy of Cantrell and died less than seven months after birth, [Plaintiff] and Mrs. Dowling suffered loss of services and support. (¶131).<br><br>As a result of the birth of J.A.D., [Plaintiff] and Mrs. Dowling suffered injury to and, ultimately, destruction of the parent-child relationship. (¶¶132,185).<br><br>As a result of the birth of J.A.D., [Plaintiff] and Mrs. Dowling suffered physical and emotional injury. (¶¶133,186).<br><br>[Plaintiff] and Mrs. Dowling suffered additional mental anguish and emotional distress during J.A.D.'s life and continue to suffer mental anguish and emotional distress in |

7

| | the wake of his death. (¶¶134,187). |
|---|---|
| [Plaintiff] suffered economic damages, which were not compensated by the Dowlings' settlement with the government, including: loss of services and support, costs paid to Defendant A.R.T., medical costs for the University of Washington Medical Center and Seattle Children's Hospital, and his loss of income due to impacts on his career progression and promotion. (¶¶120,130,153,164). | [Plaintiff] and Mrs. Dowling additionally suffered economic damages as a result of the failure to provide informed consent that led to the birth of J.A.D., including, but not limited to: loss of services and support, costs for travel to Madigan AMC, University of Washington Medical Center, and Seattle Children's Hospital, cremation-related expenses, travel to J.A.D.'s celebration of life ceremony, Mrs. Dowling's loss of economic opportunity, and [Plaintiff]'s loss of economic opportunity. (¶¶135,188). |
| From his birth until his death, J.A.D. suffered physical pain, mental anguish, and emotional distress as a result of being born with severe birth defects that required multiple medical procedures. (¶139). | From his birth until his death, J.A.D. suffered physical pain, mental anguish, and emotional distress as a result of being born with severe birth defects that required multiple medical procedures. (¶151). |

(MSJ, pp. 14-15).

Both Complaints are properly before the Court – the Washington Complaint with 190 paragraphs, the current Complaint with 168 paragraphs. Defendants emphasize the length of these complaints to highlight that Plaintiff did not just briefly summarize his damages; rather, Plaintiff detailed each and every aspect of his account of the factual allegations giving rise to his claims for damages, and the details of each and every claim for relief. This breadth of information, in addition to the MSJ hearing transcript, is more than sufficient for this Court to compare the damages claims in the present action with those satisfied by the settlement with the federal government. *See Gallagher,* 463 Md. at 631.

### C. The One Satisfaction Rule Applies Regardless of Joint Tortfeasor Status.

In this case, the Court held that Plaintiff's settlement with the government could not bar the instant case because the government and Defendants are joint tortfeasors. (Dkt. No. 37 at p. 11 ("The Court is at a loss for how the one satisfaction rule would ever bar recovery here. This

is because the action, as pleaded in both the Washington case and this Complaint, renders the Government actors and A.R.T. Defendants joint tortfeasors.")).[3] This argument, however, was rejected by the Court of Appeals in its recent decision:

> Although liability for a particular harm may be shared by multiple tortfeasors, the plaintiff is entitled to one compensation for his or her injuries. The rule applies when an individual seeks to be compensated for injuries that he or she sustained, yet, in prior litigation, that individual was already compensated for the same injuries by a joint tortfeasor, concurrent wrongdoer not acting in concert, or a paying party who has 'no connection with the tort at all.' Under such circumstances, the equitable one satisfaction rule applies to prevent double recovery for the same injuries.

*Gallagher*, 463 Md. at 625-26 (internal citations omitted). From a public policy perspective, the Court of Appeals decision makes practical sense because, otherwise, in a joint tortfeasor situation involving three tortfeasors, a plaintiff would be incentivized to sue and recover/settle in full with one tortfeasor, then pursue the second tortfeasor for the same damages and recover/settle in full a second time, and then pursue the third tortfeasor for the same damages and recover/settle in full a third time—thus, recovering triple damages.

V. **CONCLUSION**

In accordance with the Court of Appeals of Maryland's recent decision in *Gallagher v. Mercy Medical Center*, Plaintiff is precluded from maintaining this action as a matter of law pursuant to the one satisfaction rule. This change/clarification in controlling law makes clear

---

[3] *See also* Exhibit B at p. 5:

> THE COURT: … I have to tell you, it's just – it would contravene all tort law if tortfeasors, government physicians in conjunction with other tortfeasors, A.R.T., presumably, if I take the facts pled to be true, if one set of tortfeasors settles, it precludes action against the other set?
>
> MR. CORNELIUS: No, if the other side settles, that recovery for those injuries and damages applies to the same injuries and damages in a subsequent action…

that where a plaintiff (such as here) makes a full recovery in settlement with one party, he cannot maintain an action for the same damages in another action against a second party. "In the appropriate case, such as the case at bar, the issue may be properly decided by the trial court on a motion for summary judgment." *Gallagher*, 463 Md. at 628 (citing *Underwood-Gary*, 366 Md. at 672 (explaining that the application of the one satisfaction rule is an issue that may be properly decided by the trial court on a motion for summary judgment)).

**WHEREFORE**, Defendants, A.R.T. Institute of Washington, Inc. and Erika Cullingford, respectfully request that this Court reverse its prior Order denying Defendants' Motion to Dismiss and/or for Summary Judgment, and enter a new Order dismissing the Complaint, with prejudice, and/or awarding summary judgment in favor of Defendants as to all claims asserted in the Complaint, and that the Court award such other and further relief as deemed just and proper under the circumstances.

Respectfully submitted,

/s/ Stephen M. Cornelius
Stephen M. Cornelius (Fed. Bar # 29975)
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474
(410) 752-0611 (fax)
E-mail: cornelius@ewmd.com
*Attorney for Defendants A.R.T. Institute of Washington, Inc. and Erika Cullingford*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of August, 2019, a copy of the foregoing Memorandum was served electronically through CM/ECF upon all parties/counsel of record.

*/s/Stephen M. Cornelius*
Stephen M. Cornelius